134 F.3d 376
 1998 Copr.L.Dec. P 27,803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leona ANDERSON, a single woman, Plaintiff-Appellant,
v.
IMPERIAL CENTER V., L.P., a California limited partnership;
Triple J. Development, a California limited partnership, a
general partner of Imperial Center V, L.P.; J.P. Brennan
Enterprises, Inc., a California corporation, a general
partner of Triple J Development; Holland Construction,
Inc., a California corporation; Robert J. Holland, Trustee
U/D/T dated November 24, 1982 (as amended); Joseph M.
Burkhardt, as Trustee of the Burkhardt Intervivos Trust,
dated August 27, 1982; Hale Survivors, Inc., a California
corporation; James L. Hale, an individual; James P.
Brennan, an individual; Robert J. Holland, an individual;
Jon Jentz, an individual; Robert J. Holland, as Trustee;
Joseph H. Burkhardt, as Trustee, Defendants-Appellees.
 
 No. 96-55401.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided January 16, 1998.
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leona Anderson appeals pro se the district court's dismissal of her copyright action on res judicata grounds. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal based on res judicata. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). We may affirm on any ground supported by the record. See Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990).
 
 
 4
 Federal courts must give the same preclusive effect to state court judgments that courts of that state would. See 28 U.S.C. § 1738 (1994); Allen v. McCurry, 449 U.S. 90, 96 (1980). Under the doctrine of res judicata, a state court judgment cannot preclude litigation of a claim within the federal courts' exclusive jurisdiction. See Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985). Subsequent litigation of an issue in federal court may may be barred, however, under the doctrine of collateral estoppel, if the issue was actually litigated in state court. See id. at 1369. In California, collateral estoppel precludes relitigation of an issue if the issue is identical to one decided previously, the prior judgment was final and on the merits, and the party being estopped was a party, or in privity with a party, to the prior action. See id.
 
 
 5
 Here, the issue raised in the district court, whether the defendants possessed, copied, and used Anderson's subdivision maps without permission, is identical to that decided previously in state court.[1] Accordingly, Anderson's copyright claim is barred by collateral estoppel. See Trujillo at 1369.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Anderson does not challenge the district court's conclusion that the other two elements for collateral estoppel were met
 
 
 [2]
 The district court did not abuse its discretion by declining to exercise jurisdiction over Anderson's remaining state law claims. See Sinaloa Lake Owners Ass'n v. City of Semi Valley, 70 F.3d 1095, 1102 (9th Cir.1995)
 
 
 [3]
 Appellant and appellees' requests for judicial notice are hereby granted